## CREIGHTON v. CREIGHTON.

PLEADINGS—COMPLAINT—CAUSE OF ACTION—DEMURRER.—AN ACCOUNT furnished on demand under Code of Proc., 179, is no part of the complaint or cause of action, and demurrer will not lie because the account served shows nothing due plaintiff.

Before J. E. McDONALD, special Judge, Barnwell, April, 1903. Affirmed.

Action by Irma L. Creighton against T. D. Creighton & Co. From order overruling demurrer, defendants appeal.

*Messrs. Nathans & Sinkler* and *J. O. Patterson,* for appellant, cite: Code of Proc., 179; 2 Ency., 1 ed., 250, 251, 251; 3 Ency. P. & P., 543.

*Messrs. Davis & Best,* contra.

March 29, 1904.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an action on an account for a balance amounting to $1,633.09, which the plaintiff alleges is due her by the defendant for general merchandise, sold and delivered.   Upon notice, demanding a copy of the account mentioned in the complaint, the plaintiff served a copy of the account, which showed that she was due the defendant T. R. McGahan, a balance amounting to $225.53.   The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, for the reason that the itemized statement of account upon which plaintiff brings this action shows that the plaintiff is indebted to the defendant, T. R. McGahan.

The sole assignment of error is that the Circuit Judge should have sustained the demurrer for the reasons therein stated.   Sec. 179 of the Code contains these provisions: "It shall not be necessary for a party to set forth in a pleading the items of an account therein alleged, but shall deliver to the adverse party within ten days after demand therefor, in writing, a copy of the account * * * The Court, or a Judge thereof, * * * may in all cases order a bill of particulars of the claim of either party to be furnished."   It will be observed: 1st, that the Code does not make a copy of the account, part of the complaint; and 2d, that the Court, or a Judge thereof, may order a further account when the one delivered is defective.   In vol. 3, Enc. of Pl. & Pr., pages 519 and 520, the purpose and effect of a bill of particulars is thus stated: " A bill of particulars does not set forth the *cause* of action, or the *ground* of defense; these constitute the function of the original pleading.   The chief office of a bill of particulars is to amplify a pleading and more minutely specify the claim or defense set up.   Another object of the bill of particulars is, to prevent surprise on the trial by furnishing the information which a reasonable man would re-

quire respecting the matters against which he is called upon to defend himself; and by thus limiting the generality of the pleading, its effect is to confine the proof to the particulars specified therein." On pages 535 and 536 of the same volume, it is said: "An objection to the sufficiency of a bill of particulars cannot be made on the trial or afterwards. When the bill of particulars is not sufficiently explicit, a motion should be made to the Court for a more specific bill, the objection cannot be taken by demurrer."

The authorities reflecting the practice prevailing before the adoption of the Code of Procedure are to the effect that the bill of particulars does not form part of the original pleading. In *Davis* v. *Hunt,* 2 Bail., 412, the doctrine is thus stated: "The bill of particulars forms no part of the record * * * If evidence is offered of demands not contained in the bill of particulars, the evidence may be objected to. But when evidence is given which fully sustains the count, it can be no ground for nonsuit, that it does not agree with that which is no part of the count." The case of *Vidal* v. *Clarke,* 2 Rich., 359, decides that the bill of particulars filed with the declaration is no part of the count, and that a variance thereof between the proof and the bill of particulars is not a ground for nonsuit. These authorities conclusively show that his Honor, the Circuit Judge, was not in error when he overruled the demurrer.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.